# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JCW MINI MART, LLC,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>PEERLESS INDEMNITY INSURANCE COMPANY, and DOES 1 through 20 inclusive,<br><br>　　　　　　Defendants. | Case No.: 2:12-cv-01943-GMN-NJK<br><br>**ORDER** |

Pending before the Court is Plaintiff JCW Mini Mart, LLC's Motion to Remand. (ECF No. 17.) For the reasons discussed below, the Motion is **DENIED**.

## I.  BACKGROUND

This dispute arises from Defendant Peerless Indemnity Insurance Company's ("Defendant") alleged bad faith denial of insurance benefits under a policy held by Plaintiff JCW Mini Mart, LLC ("Plaintiff"). The following allegations are detailed in the Complaint. Plaintiff, a Nevada corporation, operated a gas station and convenience store in North Las Vegas (the "Property"). The Property was insured under a general liability policy with Defendant. On September 19, 2010—during the policy period—an explosion occurred at the Property, tearing off the building's roof, and resulting in a fire which consumed the building and all of its furniture, fixtures, and equipment. Plaintiff subsequently filed a claim with Defendant for insurance benefits under the policy. Defendant denied coverage, undervalued the Property, and delayed payment on repairs.

Plaintiff then brought this suit in state court alleging breach of contract, breach of covenant of good faith and fair dealing, breach of fiduciary duty, and breach of Nevada's Unfair Trade Practice Act, seeking compensatory and punitive damages. Defendant removed the action

to this Court. Plaintiff now moves the Court to remand the action to state court, asserting that Defendant's removal was improper.

## II. LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal. *See Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007). If a defendant has improperly removed a case over which the district court lacks subject matter jurisdiction, the district court shall remand the case to the state court. 28 U.S.C. § 1447(c); *see also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that a district court resolves all ambiguity in favor of remand). However, a district court lacks discretion to remand a case to the state court if the case was properly removed. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.*, 743 F.2d 1341, 1343 (9th Cir. 1984); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988). Nevertheless, a district court must construe the removal statutes strictly against removal and resolve any uncertainty in favor of remanding the case to the state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court. 28 U.S.C. § 1441(a). A defendant who wishes to remove any civil action from a state court must file a notice of removal in the district court containing, *inter alia*, a short plain statement of the grounds for removal. 28 U.S.C. § 1446(a). To establish subject matter jurisdiction pursuant to diversity of citizenship, a defendant removing a case to federal court must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The burden of establishing federal jurisdiction is placed on the party seeking removal. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

/ / /

## III. **DISCUSSION**

Plaintiff argues that removal was improper because "Nevada's courts have jurisdiction over the Defendant; Defendant's contacts with Nevada are sufficient for state courts to exercise said jurisdiction; Nevada state courts have subject matter jurisdiction over Plaintiff's claims; state law predominates in this matter; Defendant has not established that the amount in controversy exceeds $75,000 for diversity jurisdiction; and the Defendant has not shown why it's [sic] request comports with the public policy purpose behind removal."[1]

Initially, the Court notes that the majority of Plaintiff's arguments are based on a misunderstanding of the removal standard. It is not in dispute that Nevada state courts have personal jurisdiction over the Defendant and subject matter jurisdiction over the alleged claims. However, the state court's jurisdiction is irrelevant in assessing whether Defendant's removal was improper. Just because a state court may have jurisdiction to hear a claim does not necessarily deprive the federal court of its jurisdiction. Such is always the case when a federal court sits in diversity. Consequently, Plaintiff's first four arguments do not support remand.

Additionally, Plaintiff's public policy argument similarly fails. Although there are public policies underlying the removal procedure, nothing requires a Defendant to affirmatively establish that those policies are applicable in the instant case. *See* 28 U.S.C. § 1441. In other words, remand is not within the discretion of the court. Where a Defendant has complied with

---

[1] In its Reply, Plaintiff additionally argues that Nevada is Defendant's nerve center, and therefore one of its domiciles for purposes of diversity jurisdiction under *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Plaintiff supports this argument by detailing that the address listed for Defendant on various websites and registered with various state agencies are inconsistent and located in many states. Plaintiff concludes that as a result of these discrepancies, Defendant has not conclusively established the location of its nerve center and consequently, the Court must consider Nevada as its nerve center because the policy was "developed, marketed, produced, serviced, and held . . . specifically for Nevada." The argument is both unpersuasive and legally unsupported. Moreover, as this argument first appears in Plaintiff's Reply and Defendant has not had opportunity to respond to Plaintiff's challenge of its alleged jurisdictional facts, the argument is not properly before the Court and need not be considered. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief").

statutes governing removal, a motion to remand must be denied. Further, because Defendant is not a citizen of the state where the action is brought, Plaintiff's argument under the forum defendant rule is irrelevant.

Thus, Plaintiff's only valid argument is that Defendant failed to establish that the amount in controversy exceeds $75,000. This argument rests on the fact that, in compliance with Nevada law, their Complaint states only "in excess of $10,000" as damages. Consequently, Plaintiff argues that Defendant cannot establish the amount in controversy requirement.

This, however, is incorrect. Where a state court complaint does not allege a specific amount in controversy, a defendant may establish that the amount in controversy exceeds the statutory minimum by providing evidence that it is "more likely than not that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (internal quotation omitted). In assessing this likelihood, the district court considers facts present in the complaint, the removal petition, as well as "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

Although Plaintiff's Complaint does not specify an exact amount of damages, it does detail extensive property damage. Defendant has also submitted deposition testimony in which Plaintiff's owner/manager estimates the damage to the Property between $110,000 and $135,000. For these reasons, the Court finds that Defendant has established that the amount in controversy more likely than not exceeds $75,000.

Therefore, because the parties are citizens of different states, and the amount in controversy exceeds the minimum requirement, this Court has diversity jurisdiction and the suit could have originally been brought in federal court. Removal was proper and Plaintiff's motion must be denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff JCW Mini Mart, LLC's Motion to Remand (ECF No. 17) is **DENIED**.

DATED this 29th day of May, 2013.

_____
Gloria M. Navarro
United States District Judge